[L. A. No. 19755. In Bank. Nov. 1, 1946.]

JOSEPH J. JONESI, Petitioner, v. STATE BAR OF CALIFORNIA, Respondent.

Joseph J. Jonesi, in pro. per., for Petitioner.

Charles E. McDowell and Jerold E. Weil for Respondent.

THE COURT.—By this proceeding, petitioner seeks a review of the action of the Board of Governors of The State Bar declining to recommend him for readmission to practice law.

Petitioner, who was admitted to practice in 1933, was charged with grand theft in October, 1938. He was convicted of the charge and on February 8, 1939, was placed on probation for five years on condition that he serve 90 days in the county jail, make restitution of the embezzled moneys and follow the instructions of the court and the probation officer. The court also orally imposed the further condition that petitioner resign from The State Bar. At this time, two disciplinary proceedings, relating to other matters, were also pending. These resulted in recommendations by a local administrative committee that petitioner be suspended for. one year and that he be disbarred, but no further action was taken. When he presented his resignation to The State Bar, he was informed that the Board of Governors would not recommend acceptance unless the resignation recited the pendency of the disciplinary proceedings and was with prejudice to readmission at a future time. Thereafter, for the purpose of complying with the trial court's direction, he filed a resignation with prejudice. Upon recommendation of The State Bar, the resignation was accepted by an order which recited that petitioner's right "to hereafter apply for readmission to the practice of law herein is hereby terminated." On January 27, 1944, the trial court terminated the probation, set aside the verdict of guilty and dismissed the cause under section 1203.4 of the Penal Code.

Subsequently, The State Bar declined to entertain petitioner's application for reinstatement "because of the terms of his resignation and of the action of the Supreme Court thereon." Thereafter, The State Bar was directed by this court to consider and determine the application on the merits, and the hearings commenced on November 15, 1945. From the record it appears that, following his resignation, he did various odd jobs until about August, 1939, when he obtained employment at $100 a month with Romer, O'Connor & Co., a corporation doing business as a licensed and bonded collection agency and insurance adjuster. From time to time his wages were increased and his duties expanded until he became manager of the Los Angeles office. In this position, he "handled a great deal of money, a great deal of responsibility, and also

[had] proven himself as a very capable man, a very honest man, and extremely loyal.'' The president of the company and its secretary, both of whom are attorneys, testified to their complete confidence in him and in his rehabilitation. Similar testimony was given by three other attorneys who had known him for six or seven years. By other testimony, it was shown that he had repaid the money involved in the grand theft charge, and all other debts owing by him, that following his conviction his wife divorced him and secured an order for the support of their minor child, that he paid the support money promptly each month and for a considerable period voluntarily increased the monthly amount, and that they subsequently remarried.

No evidence was introduced to controvert the showing of present rehabilitation made by petitioner.

The local administrative committee, which heard the evidence, found that petitioner had rehabilitated himself to a satisfactory degree, and that he possessed the requisite moral qualifications, and unanimously recommended his readmission to practice. This recommendation was approved by the representative of the Los Angeles Bar Association who heard a majority of the witnesses testify and who also made an independent investigation.

The Board of Governors found that petitioner's resignation with prejudice was his free and voluntary act and, by vote of nine to three, that he was not sufficiently rehabilitated to warrant his reinstatement. The board declined to recommend reinstatement. It appears from the record, however, that at least three of the members were influenced by a belief that petitioner was precluded from reinstatement by the terms of his resignation.

The respondent argues in support of its finding of insufficient rehabilitation that the things petitioner has done are ''commendable, but far short of the requirements to show complete rehabilitation,'' and that ''It is perfectly true that since his conviction and probation in this matter petitioner has apparently done nothing worthy of censure. However, the period of time since the end of the period of probation is not long. . . .'' With this argument we cannot agree. In view of the showing made by petitioner, including the testimony of his employers who had ample opportunity to observe his conduct and appraise his character, and the recommendations of members of the bar who had frequent and fairly

intimate contact with him, and in view of the complete absence of any evidence tending to controvert the showing of present rehabilitation, it appears that petitioner has sustained the burden of proving such reformation and regeneration as warrants his reinstatement.

The respondent's further argument is that petitioner's resignation was voluntary and that his affirmative act in resigning with prejudice operates to deprive him of the right to secure readmission, despite the completeness of his rehabilitation. However, it cannot be denied that he would be entitled to apply for reinstatement if, instead of complying with the trial court's direction in granting probation, he had refused to resign with prejudice and had been disbarred. We cannot agree that his resignation, even if deemed to be "voluntary," has any other or greater effect than a disbarment would have on his right to apply for readmission to practice law, or that any such effect is to be given to the order of this court accepting the resignation with prejudice.

It is therefore ordered that petitioner be reinstated as a member of The State Bar of California upon payment of the fees and taking the oath required by law.